IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jay Patton Shealy, | ) | C/A No. 0:17-1194-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City of Rock Hill; Rock Hill Police | ) | |
| Department; York County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Jay Patton Shealy, a self-represented litigant, filed this civil rights action in the York County Court of Common Pleas. Defendants City of Rock Hill and Rock Hill Police Department removed the action to this court. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Plaintiff's motion for summary judgment. (ECF No. 35.) Defendants filed responses in opposition to the motion. (ECF Nos. 47 & 48.) Having reviewed the record presented and the applicable law, the court finds Plaintiff's motion should be denied.

Plaintiff filed the Complaint on April 5, 2017 in the York County Court of Common Pleas. (ECF No. 1-1 at 7.) The Rock Hill defendants removed the matter to this court on May 5, 2017. (ECF No. 1.) In his motion, Plaintiff appears to argue that Defendants failed to timely remove this action by repeatedly making reference to a "thirty day window" that he alleges Defendants missed. But Plaintiff never cites to a rule that he believes Defendants violated, or provides the court with any legal basis to grant summary judgment in his favor.

PJG

To the extent Plaintiff argues Defendants failed to timely file a notice of removal, the court finds this matter was timely removed pursuant to 28 U.S.C. § 1446(b)(1). The removing defendants indicate they received the summons and Complaint by regular mail no sooner than April 7, 2017.[1] (ECF No. 1 at 1.) The removing defendants filed the notice of removal in this court on May 5, 2017, which is within the thirty-day time period provided by § 1446. Accordingly, the removing defendants timely removed this matter to this court.

To the extent Plaintiff attempts to argue Defendants failed to meet some other deadline in the Rules of Civil Procedure, Plaintiff's motion fails to provide evidence or argument that would show he is entitled to summary judgment. See Fed. R. Civ. P. 56(c), (e); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## RECOMMENDATION

Based on the foregoing, the court recommends Plaintiff's motion for summary judgment be denied. (ECF No. 35.)

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 30, 2017
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[1] Defendants contend Plaintiff's attempt at service by regular mail failed to comply with South Carolina Rule of Civil Procedure 4(d)(6) (pertaining to service on South Carolina governmental subdivisions). (ECF No. 47 at 4.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).