IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Jay Patton Shealy, | ) | C/A No. 0:17-1194-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| City of Rock Hill; Rock Hill Police | ) | |
| Department; York County Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Jay Patton Shealy, a self-represented litigant, filed this civil rights action against the named defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendants' motion to dismiss the complaint as a sanction for Shealy's failure to appear at his deposition. (ECF No. 88.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the court advised Shealy of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 90.) Shealy responded in opposition to the defendants' motion (ECF No. 95), and the defendants replied (ECF No. 97).[1] Having reviewed the parties' submissions and the applicable law, the court concludes that the sanction of dismissal is not appropriate at this time and orders lesser sanctions with leave for the defendants to renew their motion if appropriate.

---

[1] Shealy also filed two sur-replies. (ECF Nos. 98 & 99.) The Local Civil Rules make no provision for sur-replies. However, consideration of Shealy's sur-replies would not affect resolution of the defendants' motion.

Page 1 of 6

# BACKGROUND

Shealy initiated this action against the defendants in April 2017 in the York County Court of Common Pleas, which the defendants subsequently removed to the United States District Court. The court issued a scheduling order initially setting a deadline of December 1, 2017, by which the parties were to conduct discovery. (ECF No. 5.) Shealy filed multiple motions seeking to extend or suspend deadlines due, in part, to his health issues and hospitalization. The discovery deadline was ultimately extended to March 2, 2018. (ECF No. 84.)

The defendants state in their motion that they unsuccessfully attempted to contact Shealy in January 2018 in an attempt to schedule his deposition. (Defs.' Mem. Supp. Mot. to Dismiss, ECF No. 88-1 at 1.) They then noticed Shealy's deposition for March 1, 2018, at the Law Center Building in Rock Hill, South Carolina at 10:00 a.m., and notice of the deposition was sent to Shealy via United States Postal Service first class postage prepaid and Certified Mail at his address of record in this case. (ECF No. 88-2.) Shealy failed to appear for his deposition and did not make any attempt to communicate with the defendants' counsel regarding his failure to appear or to reschedule the deposition. Accordingly, the defendants subsequently moved to dismiss for Shealy's failure to participate in discovery. (ECF No. 88.)

# DISCUSSION

**A.    Applicable Standards**

Rule 37 of the Federal Rules of Civil Procedure authorizes the court to enter orders compelling discovery and to impose an array of sanctions for a party's failure to comply with such orders. If a party fails to obey an order to provide or permit discovery, the court may issue an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). A party's

failure, after being served with proper notice, to attend his own deposition or respond to discovery may be sanctioned by the court as provided in Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(1), (3). Similarly, Rule 41(b) provides that a complaint may be dismissed for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or an order of the court. Fed. R. Civ. P. 41(b); see Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

When exercising its discretion to impose sanctions under Rule 37, a court should consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc., 872 F.2d 88, 92 (4th Cir. 1989). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to apply four factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant due to the delay; (3) the history of the plaintiff in proceeding in a dilatory manner; and (4) the effectiveness of sanctions less drastic sanctions than dismissal. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). "Courts have held that because the standard for dismissals under Fed. R. Civ. P. 37 is virtually identical to that for dismissal for failure to prosecute under Fed. R. Civ. P. 41, 'the Court can combine its analysis of the question whether dismissal is appropriate under' both Rules." Woods v. Wells Fargo Bank, N.A., C/A No. 3:10-3160-SVH, 2012 WL 601872, at *3 (D.S.C. Feb. 23, 2012) (citation omitted).

**B.     Defendants' Motion to Dismiss**

The defendants seek dismissal of this action due to Shealy's failure to appear to testify at his deposition. (ECF No. 88.) In the alternative, they seek reimbursement from Shealy for the costs and

Page 3 of 6

PJG

attorneys fees incurred as a result of his failure to appear and for an order compelling Shealy to submit to a deposition. (Id.)

In response to the defendants' motion, Shealy argues that he and defendants' counsel never agreed on a time and date for the deposition; that he was not able to attend his deposition because he had to drive his brother to work; that he did not feel comfortable at the location where the deposition was scheduled; and that he was advised not to attend the deposition without legal counsel. (ECF No. 95.) He also implies that he can not afford to reimburse the defendants' costs and expenses. (Id.)

Here, the record reflects that the defendants properly noticed Shealy's deposition. (See ECF No. 88-2 at 2.) The defendants note that they were unable to reach or receive any response from Shealy regarding scheduling his deposition; thus, the time and date of the deposition were not mutually agreed upon. (Defs.' Reply, ECF No. 96 at 1.) However, due to the approaching discovery deadline, the defendants noticed Shealy's deposition at a location central to all parties. (Id.) The defendants also point out that several of Shealy's arguments in response clearly establish that Shealy was aware of the date, time, location, and purpose of the deposition, and that he choose to not attend his deposition without any notification to the defendants. (Id. at 2.) Accordingly, the court is not persuaded by Shealy's arguments and finds that the defendants properly and timely noticed Shealy's deposition, and that Shealy, despite having received proper notice, failed to attend his deposition.

Although *pro se* litigants are entitled to some deference from courts, see, e.g., Haines v. Kerner, 404 U.S. 519 (1972), they are nonetheless subject to the same requirements and respect for court orders as other litigants. See Ballard, 882 F.2d at 96. Considering the factors established by the United States Court of Appeals for the Fourth Circuit, the court concludes that Shealy has

*PJG*

exhibited bad faith by failing to appear to testify at his deposition. The prejudice caused to the defendants by Shealy's noncompliance is two-fold: not only did the defendants incur expenses and expend significant time in attempting to take Shealy's deposition, but the defendants were not able to depose Shealy, thereby hindering the defendants' ability to defend themselves against the allegations brought by Shealy in his Complaint. Additionally, because of the importance of discovery to any litigation, the need for deterrence of Shealy's conduct—that is, bringing a lawsuit against defendants and then refusing to participate in the discovery process in accordance with the Federal Rules of Civil Procedure—is great. Moreover, as Shealy appears to have no ability to pay monetary sanctions, an order to pay costs and fees would likely have little deterrent effect. See Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (finding that monetary sanctions were not a viable alternative to dismissal because the plaintiff was proceeding *pro se* and *in forma pauperis*).

Nonetheless, the court finds that other relevant factors discussed above weigh against outright dismissal of Shealy's complaint at this time. Although Shealy's failure to appear for his deposition was unjustified, it is apparently the first instance of any failure to cooperate in the discovery process on his part during this litigation. Moreover, other sanctions available under Rule 37 less drastic than dismissal may address Shealy's noncompliance. Accordingly, it is

**ORDERED** that Shealy **APPEAR** for a deposition at a time and place pursuant to notice by the defendants in accordance with the Federal Rules of Civil Procedure but no later than May 2, 2018. It is further

**ORDERED** that all proceedings in this matter are hereby **STAYED** pursuant to Rule 37 (d)(3) and Rule 37(b)(2)(A)(iv) until Shealy obeys this order. It is further

PJG

**ORDERED** that the defendant's motion to dismiss is **HELD IN ABEYANCE** pending Shealy's compliance. Failure to comply with this order may result in further sanctions pursuant to Rule 37(b), including but not limited to dismissal of the case.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 4, 2018
Columbia, South Carolina