IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jay Patton Shealy, | C/A No. 0:17-1194-TLW-PJG |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| City of Rock Hill; Rock Hill Police Department; York County Detention Center, | |
| Defendants. | |

The plaintiff, Jay Patton Shealy, a self-represented litigant, filed this civil rights action in the York County Court of Common Pleas. Defendants City of Rock Hill and Rock Hill Police Department removed the action to this court with the consent of Defendant York County Detention Center. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Shealy's motion for judgment on the pleadings and motion for summary judgment (ECF Nos. 119 & 120), the City of Rock Hill's ("Rock Hill")[1] motion for summary judgment (ECF No. 121), and the York County Detention Center's motion for summary judgment (ECF No. 122). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Shealy of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF No. 124.) The defendants filed responses in opposition to Shealy's motions (ECF Nos. 128, 129, & 131) and Shealy filed a reply (ECF No. 133). Also, Shealy filed responses in opposition to the defendants'

---

[1] Plaintiff separately named the City of Rock Hill and the Rock Hill Police Department as defendants, but the Rock Hill Police Department is not a separate legal entity from the City of Rock Hill.



motions.² (ECF Nos. 126 & 130.) Having reviewed the record presented and the applicable law, the court finds the defendants' motions for summary judgment should be granted and Shealy's motions should be denied.

## BACKGROUND

The following facts are either undisputed, or are taken in the light most favorable to the plaintiff, to the extent they find support in the record. On April 5, 2015, Detective Tripp of the Rock Hill Police Department arrested and charged Shealy with assault and battery of a high and aggravated nature. (Tripp Aff. ¶ 10, ECF No. 121-2 at 3-4.) Tripp believed he had probable cause to arrest Shealy because Shealy and his brother told Detective Tripp that they were involved in a physical altercation earlier that day during which Shealy shot his brother in his left arm. (Id. ¶¶ 8-10.) Shealy admitted to shooting his brother, but he claimed the pistol discharged accidently in the scuffle, and that he only intended to strike his brother with the pistol itself in self-defense.³ (Id.) Shealy was booked into the Rock Hill City Jail. (Id. ¶ 10.)

At the jail, the officers were not able to administer Shealy's medication to him because his medication was mixed with other medications between multiple pill bottles provided to the jail. (Hornung Aff. ¶¶ 5-6, ECF No. 121-3 at 3.) Later that day, corrections officers transported Shealy

---

² Shealy filed a supplement to his response in opposition to Rock Hill's motion for summary judgment, two supplements to his response in opposition to the York County Detention Center's motion for summary judgment, and two supplements to his reply to the defendants' responses in opposition to his motions. The court observes that the Local Rules make no provision for sur-reply memoranda and Shealy did not seek leave of the court to file sur-replies. Accordingly, the sur-replies were not considered in the court's recommendation. However, consideration of the sur-replies would not have changed the court's recommendation.

³ Shealy later pled guilty to simple assault and battery. (Shealy Dep. 39, 73, ECF No. 121-5 at 4, 6.)



by EMS to a local hospital where he was administered his medication. (McAlister Aff. ¶ 9, ECF No. 121-4 at 3.)

At some point, according to the defendants, Plaintiff was transferred to the York County Detention Center where he was held for sixteen days and where he was seen by medical personnel and received some, but not all, of his medications. (York County Detention Center's Mem. Supp. Summ. J., ECF No. 122-1 at 2.) It is not clear from the record the dates during which Shealy was held at the York County Detention Center, or whether he was held there in connection with his arrest for assault and battery of a high and aggravated nature.

In his Complaint, Shealy alleges the defendants violated his rights and were negligent because they denied him his medication. (Compl., ECF No. 1-1 at 7.) He also alleges violations of his civil rights in relation to his arrest. (Id.) Shealy further alleges he was denied a bond in a hearing before a judge who did not consider his medications, in violation of his constitutional rights. (Id. at 8.)

The Complaint is hand-written and indecipherable at times. In his deposition, Shealy clarified that the claims he raises in this action are claims for damages pursuant 42 U.S.C. § 1983 for the defendants' failure to provide Shealy with appropriate medications while he was detained and for Rock Hill's unlawful arrest and denial of due process at his bond hearing.[4]

---

[4] Accordingly, Shealy has abandoned any claim of negligence, to the extent he raised such a claim in the Complaint.

# DISCUSSION

A. **Applicable Standards**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings should be granted when, viewing the facts in the light most favorable to the non-moving party, there remain no genuine issues of material fact, and the case can be decided as a matter of law. Tollison v. B & J Machinery Co., 812 F. Supp. 618, 619 (D.S.C. 1993). In considering a motion for judgment on the pleadings, the court applies the same standard as for motions made pursuant to Rule 12(b)(6).[5] Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009). However, the court may also consider the defendants' answers. See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also Void v. Orangeburg Cty. Disabilities & Special Needs Bd., Civil Action No. 5:14-cv-02157-JMC, 2015 WL 404247, at *2 n.1 (D.S.C. Jan. 29, 2015).

At the proof stage, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as

---

[5] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).



a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,

PJG

nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Plaintiff's Claims Against Rock Hill**

Rock Hill argues Shealy's claims against it fail as a matter of law because Shealy cannot show an unconstitutional policy or custom that would render Rock Hill liable for the purported violations of Shealy's constitutional rights. The court agrees.

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Whereas individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, official capacity suits are treated as a suit against the entity. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). However, "municipalities are not liable pursuant to *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999) (citing Monell, 436 U.S. at 692-94). In Monell, the United States Supreme Court held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d

*PJG*

227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694); see also Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Walker v. Prince George's Cty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee must adequately plead the existence of a municipal policy or custom that caused the plaintiff's injury. See Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999) (citing Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994)).

Here, Shealy has not pled or argued that the purported violations of his constitutional rights were caused by a policy or custom of the City of Rock Hill. Nor has Shealy forecast any such evidence after Rock Hill raised this issue in its memorandum in support of its motion for summary judgment. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Instead, Shealy argues Rock Hill is liable for the actions of its employees. (Pl.'s Resp. Opp'n to Rock Hill's Mot. Summ. J., ECF No. 126-1 at 1; ECF No. 134 at 2.) But, as stated above, principles of *respondeat superior* are not sufficient to find municipal liability under § 1983. See Edwards, 178 F.3d at 244. Thus, Shealy fails to put forth any evidence that the City of Rock Hill is liable for any purported constitutional violations pursuant to § 1983. Consequently, Rock Hill has met its burden of showing that there are no genuine issues of material fact and it is entitled to judgment as a matter of law.

**C.     Plaintiff's Claim Against the York County Detention Center**

The York County Detention Center argues it is not a "person" amenable to suit under § 1983 and thus, Plaintiff's claim against it fails as a matter of law.

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (noting that for purposes of § 1983 a "person" includes individuals and

PJG

"bodies politic and corporate"). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Here, Shealy named the "York County Detention Center" as a defendant in this matter, which, taken literally, is an inanimate building that is not amenable to suit pursuant to § 1983. Thus, Shealy's claim would fail as a matter of law. However, to the extent Shealy's pleading can be construed to state a claim against the York County Sheriff's Office,[6] Shealy has failed to identify an individual that is amenable to a suit for damages under § 1983, and the Sheriff would be immune from suit. See Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989) (recognizing that "arms of the State" are not "persons" under § 1983, and observing that "[w]e cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir. 2005) (holding that the State did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question); see also Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their

---

[6] Shealy argues the State should be liable for actions by employees at the York County Detention Center. (Pl.'s Resp. Opp'n to York County Detention Center's Mot. Summ. J., ECF No. 130 at 1.)



official capacities), aff'd, 878 F.2d 379 (4th Cir. 1989) (table). Consequently, Plaintiff's claim against York County Detention Center fails as a matter of law.

**RECOMMENDATION**

The court recommends the defendants' motions for summary judgment be granted (ECF Nos. 121 & 122) and Shealy's motions be denied (ECF Nos. 119 & 120).[7] The court further recommends that Shealy's motions to strike and for sanctions be denied (ECF Nos. 136, 147, 154, 162, 175, & 176) and that all other motions be terminated as moot (ECF Nos. 118, 141, 161, & 170).

*[signature: Paige J. Gossett]*

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 24, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[7] Shealy filed motions to add the Rock Hill Magistrate Court, Rock Hill Solicitors Office, his brother John William Shealy, Detective Tripp, Piedmont Medical Center, Magistrate Ray Long, employees of the City of Rock Hill, employees of the York County Detention Center, the South Carolina Judge's Association, Leon Morrison, and Daniel Abernathy as defendants. (ECF Nos. 140, 150, 155, 159, 166, & 168.) However, these motions are untimely per the court's scheduling order (ECF No. 5) and Shealy fails to show good cause as to why these parties were not named as defendants before dispositive motions were filed in this case. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). Also, the court finds that justice does not require the proposed amendment under Rule 15(a)(2). Further, leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). In this case, Shealy's proposed amendments would cause undue delay and prejudice for the reasons stated in Rock Hill's responses to Shealy's motions to add defendants. (ECF Nos. 148, 157, 164, 167, 177, & 180.) Accordingly, Plaintiff's motions to add defendants are denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).