IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jay Patton Shealy, | ) |
| Plaintiff, | ) |
| | ) C/A No.: 17-cv-1194-TLW |
| v. | ) |
| | ) |
| City of Rock Hill; Rock Hill Police Department; York County Detention Center, | ) **ORDER** |
| Defendants. | ) |

Plaintiff Jay Patton Shealy, proceeding *pro se*, filed this civil rights action in the York County Court of Common Pleas. ECF No. 1. On May 5, 2017, Defendants City of Rock Hill and Rock Hill Police Department removed this action to federal court. *Id.* Thereafter, Defendants filed motions for summary judgment, ECF Nos. 121, 122, to which Plaintiff responded, ECF No. 126, 130, 134, 135. Plaintiff also filed several additional motions, seeking, *inter alia*, to compel discovery, to strike Defendants' motions, and for sanctions. ECF Nos. 118, 119, 120, 136, 141, 147, 154, 161, 162, 170, 175, 176.

This matter now comes before this Court for review of the Report and Recommendation (the Report) filed on September 24, 2018, by United States Magistrate Judge Paige J. Gossett, to whom this case was previously assigned pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2), (D.S.C.). In the Report, the Magistrate Judge recommends granting Defendants' motions for summary judgment. ECF No. 190. Plaintiff filed objections to the Report, ECF Nos. 196, 198, 199, 200, 201, 202, as well as a motion to compel and motion to submit to a polygraph, ECF Nos. 192, 193. This case is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report, the objections, Plaintiff's additional filings, and the applicable law. In his objections, Plaintiff asserts that the Police Department has a policy that prevented Officer Hornung from administering his medication. However, Plaintiff fails to state precisely which policy is at issue, how that policy caused him injury, or whether the policy was implemented in order to prevent him from receiving his medication. Further, it is uncontested that Plaintiff received his medication later that day, once it was separated into the appropriate bottle. ECF No. 121-3 at ¶ 11. In order to prevail on his claims against a municipality, Plaintiff must show that the municipality intentionally deprived him of a federally protected right. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404–405 (1997); *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999). The Court

has carefully reviewed Plaintiff's filings and concludes that Plaintiff has not met his burden at the summary judgment stage to show that Defendants are liable as municipalities pursuant to 42 U.S.C. § 1983. *Id.*

After careful consideration, the Report, ECF No. 190, is hereby **ACCEPTED**, and Plaintiff's objections, ECF Nos. 196, 198, 199, 200, 201, 202, are **OVERRULED**. For the reasons stated in the Report and those stated herein, Defendants' motions for summary judgment, ECF Nos. 121, 122, are **GRANTED**, Plaintiff's motions, ECF Nos. 119, 120, 136, 147, 154, 162, 175, 176, are **DENIED**, and Plaintiff's other motions, ECF Nos. 118, 141, 161, 170, are terminated as **MOOT**. Further, Plaintiff's motions filed after the Report, ECF Nos. 192, 193, are terminated as **MOOT** in light of the dismissal of this case.

**IT IS SO ORDERED**.

          *s/Terry L. Wooten*
          Chief United States District Judge

January 17, 2019
Columbia, South Carolina